IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LARA HAZELTON AND ANTHONY JIMERSON,** <br> Plaintiffs | § § § § | |
| v. | § § | Civil Action No.  3:21-cv-29 |
| **STATE FARM LLOYDS,** <br> Defendant | § § § § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Lloyds files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

*Procedural Background*

1. On January 6, 2021, Plaintiffs Lara Hazelton and Anthony Jimerson, filed their Original Petition styled Cause No. 2021DCV0034; *Lara Hazelton and Anthony Jimerson v. State Farm Lloyds;* In the 120th Judicial District, El Paso County, Texas.[1]

2. On January 12, 2021, service of suit on Defendant State Farm Lloyds' ("State Farm") registered agent occurred and Defendant timely thereafter answered on February 2, 2021.[2]

3. State Farm now timely files this Notice of Removal within 30 days of service of suit.

---

[1] *See* Exhibit A, Plaintiffs' Original Petition at page 1.
[2] *See* Exhibit A, Defendant's Original Answer.

*Nature of the Suit*

4.       This lawsuit involves a dispute over Defendant's handling of Plaintiffs' insurance claim for damages allegedly caused by a severe weather event occurring on October 23, 2018, to Plaintiffs' property at 4317 Santa Rita Street, El Paso, Texas 79902, El Paso County, Texas. Plaintiffs assert causes of action against State Farm for negligence, violations of Chapters 541 and 542 of the Texas Insurance Code, breach of contract, Texas Deceptive Trade Practice Act, common law fraud and violation of Chapter 542 of the Texas Insurance Code.  Plaintiffs currently seek economic damages, statutory interest penalties, treble damages under the Texas Insurance Code, mental anguish damages, exemplary damages, attorneys' fees, and costs of court.

*Basis for Removal*

5.       Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[3]

6.       There is complete diversity of citizenship between the parties.  Upon information and belief, Plaintiffs are citizens of Texas when their Petition was filed, and continue to be citizens of Texas.

7.       At the time Plaintiffs filed their Original Petition in State District Court on January 6, 2021, naming State Farm Lloyds as Defendant, and as of the date of filing this Notice, Defendant State Farm Lloyds is not a citizen of the State of Texas for diversity jurisdiction

---

[3] The Original Petition asserts Plaintiffs' damages are greater than $100,000 and less than $500,000.00.  *See* Exhibit A, Plaintiff's Original Petition at paragraph 5.

2

purposes.[4] State Farm Lloyds is an association of individual underwriters.[5] All of the Underwriters at the time of Plaintiffs filing this suit and all times relevant to determining diversity jurisdiction are domiciled in Illinois[6]. Specifically, all Underwriters are residents of Illinois, employed in Illinois and are intending to remain domiciled in Illinois during their time as an Underwriter for State Farm Lloyds.[7]

8.  Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiffs have pled their damages exceed $100,000 in damages in their petition.[8] Consistent with the amount sought in the Petition, this dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

9.  In addition, in determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages."[9]

---

[4] *See* Exhibit B, Affidavit of Michael Roper; *see also Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer). *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas. This means State Farm and the Plaintiffs are completely diverse.")
[5] *See* Exhibit B, Affidavit of Michael Roper.
[6] *Id.*
[7] *Id.*
[8] *See* Exhibit A, Plaintiff's Original Petition at paragraph 5.
[9] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof

Here, Plaintiffs claim severe weather caused damages to their property that Plaintiffs insured through State Farm Lloyds.[10] Plaintiffs seek damages for State Farm's alleged failure to pay them what was owed under the terms of their insurance contract.[11] The Policy at issue for the reported October 23, 2018 date of loss is a Texas Homeowners Policy with coverage limits of $269,700.00 for the dwelling and $202,275.00 for personal property.

10. In addition, Plaintiffs seek actual damages, treble statutory damages, mental anguish damages, exemplary damages and statutory interest penalties.[12] Plaintiffs also seeks attorney fees for bringing this suit.[13] Thus, given the plain language of their pleading, the Policy involved in Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

11. Based on the Policy's coverage limits and the damages alleged, it would be legally possible for Plaintiffs to obtain a recovery of at least $75,000.00.

### *The Removal is Procedurally Correct*

12. State Farm Lloyds was first served with Plaintiffs' Original Petition in District Court on January 12, 2021. Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

---

damages); *see also Waldon v. Stonebridge Life Ins. Co.,* 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).
[10] *See* Exhibit A, Plaintiff's Original Petition at paragraphs 59-69.
[11] *Id.*
[12] *See* Exhibit A, Plaintiff's Original Petition at paragraph 59.
[13] *See* Exhibit A, Plaintiff's Original Petition at paragraph 62.

12.    Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

13.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

14.    Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

15.    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 120th Judicial District for El Paso County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 120th Judicial District for El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
*Attorney-in-Charge*
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
*Counsel for Defendant State Farm Lloyds*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – El Paso Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and via email on the 9th day of February, 2021, addressed to those who do not receive notice from the Clerk of the Court.

Shaun W. Hodge  
THE HODGE LAW FIRM, PLLC  
Old Galveston Square Building  
2211 Strand, Suite 302  
Galveston, Texas 77550

 

_____  
David R. Stephens